IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DOMINIQUE D. SHAW, AS NEXT FRIEND**
**OF TYRAN MARQUEZ SHAW**                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:22-cv-11-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                             **DEFENDANT**

**ORDER**

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's unfavorable opinion denying Plaintiff's request for SSI benefits for her child. The undersigned held a hearing on August 31, 2022 [16]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Statement of the Case**

On March 8, 2019, Plaintiff filed an application for SSI on behalf of Mr. Shaw, an individual under the age of 18, with an alleged disability onset date of September 28, 2018. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. The Administrative Law Judge (hereinafter "ALJ") held a hearing on February 5, 2021. The Plaintiff appeared and testified on behalf of her minor son. Thereafter, the ALJ issued an unfavorable decision on February 17, 2021.

The Appeals Council denied Plaintiff's request for review on November 18, 2021, thereby

making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

The ALJ evaluated Plaintiff's claims pursuant to the three-step evaluation process applicable for an individual under age 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2019, the date the application was filed. At step two, the ALJ found that Mr. Shaw had the following severe impairment: type I diabetes mellitus. At step three, the ALJ found that Mr. Shaw did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (416.924, 416.925 and 416.926).

The ALJ also found that Mr. Shaw does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a). The ALJ further found that Mr. Shaw had: no limitation in acquiring and using information; less than a marked limitation in attending and completing tasks; less than a marked limitation in interacting and relating with others; no limitation in moving about and manipulating objects; less than a marked limitation in the ability to care for himself/herself; and less than a marked limitation in health and physical well-being. Accordingly, the ALJ found that Mr. Shaw did not have an impairment or combination of impairments that functionally equals a listing, because the claimant does not have either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning. Thus, the ALJ found Mr. Shaw to be not disabled, as defined in the Social Security Act, since March 8, 2019, the date the application was filed.

## Discussion

Here, the issues raised by the Plaintiff on appeal are: 1) Whether the ALJ erred in finding

that Plaintiff's impairments did not meet or medically equal a Listing; and 2) whether the ALJ erred in evaluating the opinion evidence in finding that Plaintiff's impairments did not functionally equal a Listing. For the reasons explained below, the Court finds that the ALJ's decision should be affirmed.

In cases involving an individual under age 18, the Commissioner follows a three-step sequential process to determine whether: (1) the individual engages in substantial gainful activity; (2) the individual's impairment(s) is so severe as to have caused more than minimal functional limitations; and (3) the individual's impairment(s) meets, medically equals, or functionally equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

In evaluating functional equivalence at step three, the Commissioner considers how an individual under age eighteen functions in his activities in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1), (g)-(l). In order to functionally equal a Listing, the individual's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation interferes seriously with the child's ability to independently initiate, sustain, or complete activities, and an "extreme" limitation interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)-(3).

Substantial evidence supports the ALJ's Step Three Determination that Plaintiff did not meet or medically equal a listing. At step three, Plaintiff has the burden of showing medical findings that satisfy all the criteria of a Listing. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). The ALJ evaluated Plaintiff's Type I diabetes under 20 C.F.R. § 416.926a(m)(4) and SSR

4

14-2p, 2014 WL 2472008 (2014) as Plaintiff was over six years old when he applied for SSI, making him ineligible under Listing 109.08. The ALJ specifically considered SSR 14-2p, which appears to show the need for near constant 24-hour supervision from adults to meet or functionally equal a listing as well as lack of cognitive awareness of hypoglycemia symptoms:

> *a. Determining the medical need for 24-hour-a-day adult supervision for children age 6 and older.* Children of any age need some level of adult supervision or support in managing their DM that requires daily insulin. *However, the mere need for adult supervision does not establish disability.*
>
> We presume children with DM who require daily insulin and are under age 6 have not developed the cognitive ability for recognizing and responding to hypoglycemia symptoms and, therefore, have impairments that meet listing 109.08. Generally, children develop the cognitive ability for recognizing and responding to their hypoglycemia symptoms by age 6. However, developmental abilities of children vary greatly. Some children age 6 and older may have the same medical need for adult help and continuous supervision as younger children. We evaluate on an individual case basis whether children age 6 and older have developed cognitive awareness of their hypoglycemia symptoms. Without this awareness, children who require daily insulin are unable to alert adults to their symptoms, and require 24-hour-aday adult supervision for medical reasons. When we find that a child with DM has hypoglycemia unawareness, we consider how long the child has had or will have the medical need for 24- hour-a-day adult supervision. For example, a child in elementary school who has only recently been diagnosed with Type 1 DM may require more time to develop awareness of his or her symptoms of hypoglycemia than an adolescent who has been newly diagnosed. Some children may have a mental impairment(s) or another physical impairment(s) in addition to DM that also may require 24-hour-a-day adult supervision for medical reasons. *We find any child who requires 24-hour-aday adult supervision for medical reasons disabled under our functional equivalence rules.*

SSR 14-2p at *7 (emphasis added).

The ALJ determined that Plaintiff was not disabled under SSR 14-2p. The ALJ noted that nothing in the record, written or testimonial, indicated Plaintiff was unable to alert adults to symptoms of hypo/hyperglycemia. Tr. 7 at 20. The ALJ noted that cognitive awareness was demonstrated by Plaintiff's age (12 years old at the date of the ALJ decision), sixth grade schooling, and the fact that he carried an insulin supply bag. Tr. 7 at 20, 59-60. This determination was supported by Plaintiff's testimony that he has access to insulin whenever he needs it and feels

5

better when he takes it. Tr. 7 at 20. The ALJ concluded that given Plaintiff's cognitive awareness, there did not appear to be a need for 24-hour medical supervision; he only needs to be supervised for his insulin dosages and injections. Tr. 7 at 20. The ALJ found that his analysis was not inconsistent with Dr. Amit Lahoti's charge that an "adult should be available at all times to supervise" Plaintiff's diabetes care. Tr. 7 at 20, 611. The ALJ referenced citations in the record showing that Plaintiff had been independently managing his diabetes at times without adult intervention. *See* Tr. 7 at 575, 579, 582, 586. The record further revealed that Plaintiff had been active and participated in basketball. Tr. 7 at 575. Plaintiff was also described as "rather unsupervised" from the time that he reaches home from school at around 3:30 p.m., until his mother reaches home at around 5:30 p.m., and would eat at least one snack during the time before his mother came home. Tr. 7 at 600. He would also "rather independently" administer his own mealtime insulin. *Id.*

The Court acknowledges Plaintiff's citation to medical evidence in his brief [14] that differs from the ALJ's citations, including Dr. Lahoti's medical notes showing Mr. Shaw reported missing doses of his Lantus that he is supposed to take at bedtime due to falling asleep. Tr. 7 at 600. Plaintiff also cited to Dr. Lahoti's clinic note that said Mr. Shaw had significantly high blood glucose levels on most checks. Tr. 7 at 603. However, the ALJ found Dr. Lahoti's opinions unreliable, and in weighing the evidence, the undersigned is unable to find that substantial evidence does not support the ALJ's opinion that Mr. Shaw is not disabled.

The ALJ found that Plaintiff has not always received or required 24-hour supervision and care for diabetes and is aware of his symptoms of hypo/hyperglycemia in order to seek adult assistance. Tr. 7 at 354. In addition, the ALJ found that the medical records failed to demonstrate any episodes of ketoacidosis, seizures, loss of consciousness, altered mental awareness, cognitive

deficits, any brain damage, or other complications related to diabetes. Tr. 7 at 20. Rather, the ALJ found that the medical records showed normal physical exams and normal mental status evaluations. Tr. 20, 357, 390. The law is clear that an individual must manifest all of a Listing's criteria, and here the undersigned finds that substantial evidence supports the ALJ's finding that Plaintiff did not meet or medically equal listing 109.00C. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Furthermore, this Court finds that the ALJ did not err in evaluating the opinion evidence and finding that Plaintiff's impairments did not functionally equal a Listing. The ALJ found persuasive the state agency medical consultants, Dr. Tammy D. McGee, (June 11, 2019), James Herzog, Ph.D. (July 10, 2019), and Dr. Eva Henderson's (July 29, 2019), opinions that the Plaintiff's impairments caused no more than "less than marked" limitation in any domain. Tr. 7 at 25, 70-78, 80-89. They found that Plaintiff's impairments caused no limitation in acquiring and using information, less than marked limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in caring for yourself, and less than marked limitation in health and physical well-being. Tr. 7 at 25, 70-78, 80-89. The ALJ adjusted the limitations to "less than marked" in caring for self, due to Plaintiff's compliance issues with sneaking food and not checking his blood sugar consistently four to six times a day as recommended. Tr. 7 at 25.

Plaintiff argues that it was error for the ALJ to find Dr. Lahoti's opinions unpersuasive. Following the 2017 revisions to the Rules, "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021). Here, the ALJ found that Dr. Lahoti's charge that an "adult should be available at all times to supervise" Plaintiff's diabetes

7

care was inconsistent with the evidence. Tr. 7 at 26.

Dr. Lahoti noted that Plaintiff needs an adult to monitor his glucose levels four times a day and to provide insulin shots four to five times a day. Tr. 7 at 611. Dr. Lahoti opined that an adult should be available at all times to supervise diabetes care. Tr. 7 at 611. The ALJ appropriately found Dr. Lahoti's opinion unpersuasive "insofar as it may be interpreted as requiring 24-hour watchful supervision because it is inconsistent with his own treatment notes that show the claimant's diabetes improved with the claimant's self monitoring." Tr. 7 at 26. The ALJ noted that the medical evidence and testimony show the claimant is now doing well, and cognitive awareness was demonstrated by Plaintiff's age, sixth grade schooling, and the fact that he carries an insulin supply bag. Tr. 7 at 26, 59-60.

In applying the substantial evidence standard, this Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). Here, the ALJ's decision meets that substantial evidence threshold because there is enough evidence of independent compliance for the ALJ to have relied upon to find that Mr. Shaw did not meet or functionally equal the listing.

## Conclusion

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision. Thus, the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 1st day of September, 2022.

/s/ Jane M. Virden
United States Magistrate Judge